UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCIE S. JACKSON,

    Plaintiff,

v.                                                      Case No. 1:09-cv-659
                                                      Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                            /

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on June 13, 1956 (AR 71).[1] He earned a GED and attended truck driving school (AR 128-29). He alleged a disability onset date of March 2, 2002 (AR 71). Plaintiff had previous employment as an injection mold operator, inspector and cleaner (AR 111-18, 124). Plaintiff identified his disabling condition as back pain and depression (AR 123). On August 15, 2008, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 16-27). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007), citing *Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits

3

is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step. At step one, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 13, 2007, and had not engaged in substantial gainful activity since the alleged onset date of March 2, 2002 (AR 18). At step two, the ALJ found that plaintiff suffered from severe impairments of: "degenerative disc disease of the low back, borderline intellectual functioning, depression, and cocaine and alcohol abuse in recent sustained remission" (AR 19). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 20). The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions. He can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk six hours of an eight-hour workday; sit six hours of an eight-hour workday; occasionally climb ramps and stairs and ladders, ropes and scaffolds; do occasional stooping, kneeling, crouching, and crawling; and only do simple, unskilled work.

(AR 23).

Based upon this evidence, the ALJ found that plaintiff was capable of performing past relevant work as an injection mold machine operator and as an inspector (AR 26). The ALJ further found that this work did not require the performance of work-related activities precluded by plaintiff's residual functional capacity (AR 26). Accordingly, the ALJ determined that plaintiff was not disabled under the Social Security Act (AR 27).

4

## III. ANALYSIS

Plaintiff has failed to comply with that part of the Court's Order directing filing of briefs which required that "Plaintiff's initial brief must contain a Statement of Errors, setting forth the specific errors of fact or law upon which plaintiff seeks reversal or remand." *See* docket no. 10. After reviewing plaintiff's brief, the court finds five issues: (1) the ALJ failed to give controlling weight to a treating physician; (2) plaintiff's Global Assessment of Functioning (GAF) score supports a finding of disability; (3) the vocational expert provided answers to inaccurate hypothetical questions; (4) the ALJ incorrectly determined that plaintiff's testimony was not credible; and (5) the ALJ failed to consider the combined effects of all of plaintiff's impairments.

### A.     The ALJ's evaluation of the treating physician

Plaintiff contends that the ALJ incorrectly rejected the opinion of Dr. Salena Cox as set forth in the December 28, 2005 "Medical Needs" form. According to plaintiff, Dr. Cox limited plaintiff to lifting less than ten pounds with no excessive bending or standing. Plaintiff's Brief at 10. As defendant points out, there is no such "Medical Needs" form in the administrative record.[2] The ALJ addressed this issue as follows:

> The medical evidence does not contain residual functional capacity opinions of an ongoing nature from the claimant's treating medical sources. The claimant's representative has related that in a "Medical Needs" form dated December 28, 2005, Dr. Salena Cox restricted the claimant to lifting less than 10 pounds with no excessive bending or standing (Exhibit 19E). The record does not provide a basis for which the claimant's doctor has suggested such a lifting limitation. There is no indication of whether the restriction was meant to be a permanent or only temporary. Such a lifting limitation is also contradicted by the claimant's testimony that he is capable of lifting 20 pounds. The undersigned, accordingly, does not give controlling weight to the opinion expressed in the December 28, 2005 Medical Needs form.

---

[2] Plaintiff filed a copy of the "Medical Needs" form with his reply brief. *See* docket no. 17.

(AR 25).[3]

There is no basis for this court to address plaintiff's claim regarding the "Medical Needs" form. The ALJ's decision was responding to representations set forth in an attorney's letter as opposed to medical evidence. Plaintiff's argument in this appeal arises from the "Medical Needs" form, a document which is not part of the administrative record. "The jurisdiction of this court is confined to a limited review of the Secretary's decision and of the record made in the administrative hearing process." *Willbanks*, 847 F.2d at 303.

The "Medical Needs" document is new evidence that has not been presented to the ALJ. The court may consider such evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[4] In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the evidence might have changed the prior proceeding. The standard in determining whether to remand a claim for the consideration of new evidence is governed by statute. "The court . . . may at any time order the additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which

---

[3] Exhibit 19E appears to be a pre-hearing letter brief submitted to the ALJ (AR 192-95).

[4] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g)(emphasis added). Plaintiff does not explicitly request a sentence-six remand, and in any event, has failed to meet the materiality and good cause requirements under § 405(g). Accordingly, plaintiff's claim, which arises from a medical record that is not part of the administrative record, is not properly before the court and should be denied.

### B. Plaintiff's GAF score

Plaintiff contends that his GAF score of 50, assigned by consultative examiners Charles Overbey, M.D. and Robert L. Griffith, Psy. D. supports a finding of disability.[5] Plaintiff's Brief at p. 11. As an initial matter, Dr. Overbey did not examine plaintiff. Rather, he prepared a psychiatric review technique form (PRTF) based upon a review of plaintiff's medical records (AR 287-99). The record reflects that Dr. Griffith examined plaintiff on February 21, 2006 and assigned him a GAF score of 50 (AR 352-55). This score lies within the 41 to 50 range, which indicates "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Diagnostic and Statistical Manual of Mental Disorders* (*DSM-IV-TR*) at p. 34 (4th ed., text rev., 2000). Dr. Griffith administered a Wechsler Adult Intelligence Scale-Third Edition test on March 28, 2006, which indicated a Verbal IQ score of 67, a Performance IQ score of 77 and a Full

---

[5] The GAF score is a subjective determination that represents "the clinician's judgment of the individual's overall level of functioning" on a hypothetical continuum of mental health-illness. American Psychiatric Assoc., *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR)*, (4th ed., text rev., 2000), pp. 32, 34. The GAF score is taken from the GAF scale, which rates individuals' "psychological, social, and occupational functioning," and "may be particularly useful in tracking the clinical progress of individuals in global terms." *Id*. at 32. The GAF scale ranges from 100 to 1. *Id.* at 34. At the high end of the scale, a person with a GAF score of 100 to 91 has "no symptoms." *Id.* At the low end of the GAF scale, a person with a GAF score of 10 to 1 indicates "[p]ersistent danger of hurting self or others (e.g., recurrent violence) OR persistent inability to maintain minimal personal hygiene OR serious suicidal act with clear expectation of death." *Id.*

Scale IQ of 69, which placed him in the mildly mentally retarded classification of intellectual functioning (AR 356-57). Then, Dr. Griffith evaluated plaintiff on June 28, 2007 and assigned him a GAF score of 50 (AR 344-51). Dr. Griffith diagnosed plaintiff with: major depression, chronic, without psychotic features; pain disorder related to a medical condition; cocaine abuse history; and personality disorder NOS (schizoid and borderline features) (AR 351).

The ALJ noted plaintiff's GAF score of 50 assigned by Dr. Griffith, but felt that the GAF score of 60 assigned by plaintiff's treating psychiatrist, Dr. Bangalore Ramesh, M.D., was more accurate and supported by objective medical findings (AR 25-26, 278-80). The GAF score assigned by Dr. Ramesh lies within the 51 to 60 range, which indicates "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR any moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *DSM-IV-TR* at p. 34. The ALJ agreed with Dr. Ramesh that plaintiff suffered from only moderate symptoms.

Even if the ALJ had considered the lower GAF score as more accurate, this score would not form a sufficient basis for a finding of disability. The Sixth Circuit has rejected the proposition that a determination of disability can be based solely on the unsupported, subjective determination of a GAF score. *See Rutter v. Commissioner of Soc. Sec.*, No. 95-1581, 1996 WL 397424 at *2 (6th Cir. July 15, 1996). *See generally, Hardaway v. Secretary of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) (per curiam) ("the determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of all other relevant evidence") (citation omitted); Response to Comment, Final Rules on Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746, 50764-65 (Aug. 21, 2000) ("The GAF scale . . .does not have a direct correlation to the severity requirements in our

8

mental disorders listings"). Accordingly, plaintiff is not entitled to a finding of disability based upon the GAF score assigned by the consulting psychologist.

### C. Inaccurate hypothetical question

Plaintiff contends that the ALJ denied his claim based upon an inaccurate hypothetical question posed to a vocational expert (VE). The ALJ denied plaintiff's claim at the fourth step of the sequential evaluation, after determining that plaintiff could perform his past relevant work as an injection mold machine operator and as an inspector (AR 26). It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). A VE's testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Banks v. Massanari*, 258 F. 3d 820, 827 (8th Cir. 2001) (vocational expert testimony is not required until step five of the sequential analysis); *Parker v. Secretary of Health and Human Servs.*, No. 90-2084, 1991 WL 100547 at *3 (6th Cir. June 11, 1991); *Rivera v. Barnhart*, 239 F. Supp. 2d 413, 421 (D. Del. 2002). However, the ALJ may use a vocational expert's services in determining whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"). *See, e.g., Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006) (observing that the ALJ may use a VE's "expert advice" to assist him in deciding whether the claimant can perform his past relevant work at step four of the evaluation).

Here, the ALJ used the VE's testimony to assist in determining whether plaintiff could perform any of his past relevant work. The VE classified plaintiff's past relevant work as an

9

injection molding machine operator as "light and unskilled" and his past relevant work as an inspector as "heavy and unskilled" (AR 441). The VE also testified that some inspector jobs involve light, unskilled work as well as sedentary, semi-skilled work (AR 442). The VE concluded that a person, with restrictions as set forth in the RFC determination, could perform both the injecting molding machine operator position and an inspector position done at the light exertional level (AR 442). The ALJ stated that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of the claimant's past relevant work, the undersigned finds that the claimant is able to perform both of his past relevant work activities *as he actually performed them*") (AR 27) (emphasis added).

        The court agrees with plaintiff that the ALJ erred in concluding that plaintiff could perform his past relevant work as an inspector; the RFC limited plaintiff to light work and his past relevant work as an inspector, as actually performed, was heavy work. However, the ALJ's statement constituted harmless error. The vocational evidence established that while plaintiff's previous inspector job involved heavy work, other inspector jobs involved light work. Under the applicable legal standard, the definition of "past relevant work" at Step four involves both the work as previously performed by the claimant or a generally performed in the national economy. *See Delgado v. Commissioner of Social Security*, 30 Fed. Appx. 542, 548 (6th Cir. 2002) ("[a]t the fourth step of the sequential evaluation process, [the claimant] must prove that she was unable to perform her past relevant work and that she is unable to return to her former type of work as generally performed"); *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000) ("[w]here the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled");

10

SSR 82-61 ("Under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will be found to be "not disabled" when it is determined that he or she retains the RFC to perform: 1. The actual functional demands and job duties of a particular past relevant job; or 2. the functional demands and job duties of the occupation as generally required by employers throughout the national economy").[6]

If this matter was remanded, the Commissioner could find plaintiff disabled at Step four by applying the appropriate definition of past relevant work, which would include inspector positions at the light exertional level. Furthermore, the ALJ could find plaintiff disabled solely on plaintiff's past relevant work as an injection molding machine operator, which he performed at the light exertional level. While the ALJ's decision was lacking in some respects, a remand will serve no useful purpose in this case. "No principle of administrative law or common sense requires [this court] to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989). Accordingly, substantial evidence supported the ALJ's decision at Step four.

### D. The ALJ incorrectly determined plaintiff's credibility

Plaintiff contends that the ALJ improperly evaluated his credibility because the ALJ "relied on facts not particularly material to Plaintiff's credibility" and did not consider "other factors" as set forth in 20 C.F.R. § 404.1529. Plaintiff's Brief at pp. 12-13. An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th

---

[6] SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1).

Cir. 1997). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (an ALJ's credibility determinations are accorded deference and not lightly discarded). *See Sullenger v. Commissioner of Social Security*, No. 07-5161, 2007 WL 4201273 at *7 (6th Cir. Nov. 28, 2007) ("[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact").

Title 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain") sets forth seven factors to be considered: the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, received for relief of pain or other symptoms; any measures used to relieve pain or other symptoms; and, other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii). Plaintiff did not address which of the § 404.1529(c)(3) factors, if any, that the ALJ failed to address.

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms "are not credible to the extent they are inconsistent with the residual functional capacity assessment" (AR 24). The ALJ observed that plaintiff's small disc protrusion which appeared in an MRI from December 2005 had decreased in size in an MRI from December 2007, and never resulted in surgery or specialized care (AR 24, 310, 388). Plaintiff reported improvement in his low back condition, relating in July 2007 that he had

no complications regarding his back and that while he was exercising less, he was trying to take walks (AR 24).

In March 2006, plaintiff reported psychiatric improvement with the prescription of Seroquel, and in January 2008, Dr. Cox recorded that plaintiff was doing even better on a different prescription (AR 24). In addition, plaintiff stated at the hearing that his daily activities were limited due to his back pain and depression, and that he has to lie down two to three times a day for 30 minutes each time for pain relief (AR 25). The ALJ noted, however, that no treating or examining medical source has substantiated plaintiff's alleged inability to do activities of daily living or his need to lie down frequently for symptom relief (AR 25).

Contrary to plaintiff's contention, the ALJ did not base his credibility determination "solely upon an 'intangible or intuitive notion" about plaintiff's credibility in violation of SSR 96-7p. Rather, the ALJ rejected plaintiff's claims of disabling pain and depression after reviewing the evidence consistent with § 404.1529(c)(3) and pointing out discrepancies between plaintiff's claims and the medical record. The ALJ's credibility determination is supported by substantial evidence. There is no compelling reason to disturb that determination. *Smith*, 307 F.3d at 379. *See also*, *Garner v. Heckler*, 745 F2d. 387 (the court "may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility"). Accordingly, plaintiff's claim that the ALJ made an improper credibility determination should be denied.

### E. The combined effects of plaintiff's impairments

Finally, plaintiff contends that the ALJ failed to consider the combined effects of his impairments. Title 20 C.F.R. § 404.1523 provides that:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the

> basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

20C.F.R. § 404.1523.

The Social Security Act requires the agency "to consider the combined effects of impairments that individually may be non-severe, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability." *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). *See* 20 C.F.R. § 404.1523. An ALJ's analysis of a claimant's combined impairments is sufficient where the ALJ referred to a "combination of impairments" in deciding the claimant did not meet the listings, the ALJ referred to the claimant's "impairments" as not being severe enough to preclude performance of his past relevant work, the ALJ's decision was made after careful consideration of the "entire record," or where all of the claimant's impairments were discussed individually in the decision. *See Gooch v. Secretary of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "To require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Id. See also, Loy v. Secretary of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (ALJ properly considered the combined effects of the claimant's impairments where the ALJ's decision referred to the claimant's "severe impairments" and "combination of impairments").

Here, the ALJ referred to whether plaintiff had "any medically determinable physical or mental impairment or combination of impairments" that would support a claim of disability; determined whether plaintiff had a severe impairment or "combination of impairments;" performed

a "careful review of the entire record;" found that plaintiff suffered from multiple severe impairments; reviewed plaintiff's medical record in detail; and fashioned an RFC determination which took into account both plaintiff's exertional and non-exertional limitations (AR 16-27). The record reflects that the ALJ considered the combined effects of plaintiff's impairments. *See Loy*, 901 F.2d at 1310; *Gooch*, 833 F.2d at 592. Accordingly, plaintiff's claim that the ALJ failed to consider the combined effects of his impairments should be denied.

### IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.


Dated: July 19, 2010                    /s/ Hugh W. Brenneman, Jr.
                                        HUGH W. BRENNEMAN, JR.
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).