UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCIE S. JACKSON,

       Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

       Defendant.
_____/

CASE NO. 1:09-CV-659

HON. ROBERT J. JONKER

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 19) and Plaintiff's Objections to it (docket # 20). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that the Commissioner of Social Security's decision to deny Plaintiff's claim for disability insurance be affirmed. Plaintiff raises two objections,

but neither of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court accepts the Magistrate Judge's Report and Recommendation and orders that the Commissioner's decision be affirmed.

Plaintiff first objects to the Administrative Law Judge's (ALJ) finding that Plaintiff could perform light work, based in part on the ALJ's incorrect rendition of Plaintiff's testimony that he could lift twenty pounds. The Court agrees that Plaintiff testified to being unable to lift twenty pounds, although Plaintiff testified that the lifting requirements at a former workplace was easy, as he was not required to lift anything "but about no more than ten pounds." (AR 420)[1] The Magistrate Judge did not address the discrepancy in the record. In determining whether Plaintiff could perform his past work, the ALJ included Plaintiff's ability to carry twenty pounds in his hypothetical question to the vocational expert.

Although the ALJ misstated Plaintiff's testimony, the Court finds that the error is not fatal to the ALJ's determination. The ALJ could properly ask the hypothetical question he posed to the vocational expert, as the Physical Residual Functional Capacity Assessment performed by Vimala Sethy, M.D., Ph.D., noted that Plaintiff could lift twenty pounds occasionally. *See Hardaway v. Sec'y Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) ("An ALJ may ask a vocational expert hypothetical questions, provided the question is supported by evidence in the record."). The vocational expert testified that Plaintiff could perform light and unskilled labor, including his past work of injection molding machine operator. During his testimony, Plaintiff said that he could perform the lifting at that job. (AR 409-410) Even if the ALJ were to consider the opinion of Salena Cox, M.D., that Plaintiff could only lift less than ten pounds, Plaintiff would still be able to do the lifting at his former employment.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

Plaintiff also objects to the ALJ's acceptance of Plaintiff's GAF as 60, as determined by Plaintiff's treating psychiatrist, Bangalore Ramesh, M.D. Plaintiff acknowledged that GAF scores cannot be solely determinative of disability. The ALJ's use of the GAF score of 60 was consistent with evidence in the record, including Plaintiff's testimony and medical observations of moderate, but not severe, limitations.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed July 19, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

Dated:   September 16, 2010            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE